CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GOLDMAN SACHS BANK USA, | ) | |
| | ) | |
| Appellant, | ) | Case No. 7:24-cv-00490 |
| | ) | |
| | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| RHEA ANN BROWN and | ) | |
| GREGORY KEVIN MAZE | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION

Plaintiffs Rhea Ann Brown and Gregory Kevin Maze each filed for bankruptcy protection, triggering the automatic stay under 11 U.S.C. §§ 362(a)(3) and (6), which prohibits creditors from attempting to collect pre-petition debts. Despite having notice of these bankruptcy filings, Defendant Goldman Sachs Bank USA allegedly violated the stay by continuing to send Plaintiffs communications regarding outstanding balances on their Apple Card accounts. In response, Plaintiffs initiated a consolidated adversary proceeding, asserting that Goldman Sachs' actions violated the automatic stay. Goldman Sachs, in turn, moved to compel arbitration and stay the proceedings. The Bankruptcy Court denied the motion. Goldman Sachs now appeals that decision, arguing that the Bankruptcy Court lacked discretionary authority to preclude enforcement of the arbitration provision in Plaintiffs' Apple Card Agreement. Finding that arbitrating enforcement of the automatic stay is contrary to the Bankruptcy Court's central aims, the Bankruptcy Court had discretion to deny arbitration of Plaintiffs' claims. The Bankruptcy Court order is thus **AFFIRMED**, and Goldman Sachs' appeal, Case No. 7:24-cv-490, is **DISMISSED**.

## I.     BACKGROUND

Brown filed for Chapter 13 bankruptcy on June 14, 2023, and submitted a Chapter 13 plan on June 27, 2023, which was confirmed on September 1, 2023, Case No. 7:23-bk-70426. On November 9, 2023, Maze filed for Chapter 7 bankruptcy and received a discharge on February 21, 2024, Case No. 7:23-bk-70735. Before their respective bankruptcies, both Plaintiffs opened Apple Card accounts with Goldman Sachs, agreeing to the terms of the Apple Card Agreement, which includes an arbitration provision requiring affirmative opt-out action by potential cardholders.

On March 12, 2024, Plaintiffs initiated this consolidated adversary proceeding, Case No. 7:24-ap-7009, alleging that Goldman Sachs violated the automatic stay under 11 U.S.C. §§ 362(a)(3) and (6) by continuing to send them notices and communications regarding balances on their Apple Card accounts despite knowledge of their bankruptcy filings. The Complaint is styled as a class action, seeking relief for similarly situated current and former bankruptcy debtors who received post-petition demands for pre-petition debts.

Goldman Sachs filed a motion to compel arbitration under Federal Rule of Civil Procedure 12(b)(3) and the Federal Arbitration Act, arguing that Plaintiffs are bound by the arbitration provision in the Apple Card Agreement and citing the general federal preference for arbitration. The Bankruptcy Court disagreed, concluding that under Fourth Circuit precedent it had discretion to retain jurisdiction over Plaintiffs' claims which were "constitutionally core" and stemmed directly from their bankruptcies. The issues on appeal are whether (1) the Bankruptcy Court had discretion to deny Goldman Sachs' motion to compel arbitration, and (2) whether the Bankruptcy Court abused that discretion.

## II. STANDARD OF REVIEW

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When reviewing a bankruptcy court's decision, "a district court functions as an appellate court and applies the standards of review in federal courts of appeal." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (internal quotation marks and citation omitted). A district court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004)

The legal question of whether a bankruptcy court can exercise discretion in ruling on a motion to compel arbitration is reviewed *de novo*. *Midland Funding LLC v. Thomas*, 606 B.R. 687, 692 (W.D. Va. 2019). If such discretion exists, a bankruptcy court's exercise of that discretion is reviewed for abuse of discretion. *Moses v. CashCall, Inc.*, 781 F.3d 63, 71–72 (4th Cir. 2015). A bankruptcy court abuses its discretion when its "ruling is based on either an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Steele v. Richland County Dep't of Social Servs.,* 25 F.3d 1041 (table), 1994 WL 200807, *2 (4th Cir. 1994). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Massenburg*, 554 B.R. 769, 773 (D. Md. 2016) (quoting *In re M.J. Waterman & Assocs.*, 227 F.3d 604, 608 (6th Cir. 2000). I find that the Bankruptcy Court had discretion to deny Goldman Sachs's motion to compel arbitration and did not abuse that discretion.

### III.    ANALYSIS

Federal law favors the enforcement of arbitration agreements. *See e.g. CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012). However, the preference for arbitration can be superseded by a contrary congressional directive. *Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987). "Congress intended to grant comprehensive jurisdiction to bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estates." *CashCall*, 781 F.3d at 71 (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)) (internal quotation marks and citations omitted). Where "tension arises between the [Federal Arbitration Act] and another statute, the Supreme Court has provided a framework for resolving it, holding that the party seeking to prevent enforcement of an applicable arbitration agreement must show that 'Congress has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue.'" *Id*. (quoting *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 90 (2000)). A court can determine such intent through the statute's text, legislative history, and any fundamental conflict between arbitration and the statute's purpose. *Id.* "Where such an intent can be deduced, the court of first impression has *discretion* to decide whether to withhold arbitration, a decision that is subject to review for abuse of that discretion." *Id.* at 71–72.

Claims before a bankruptcy court that may be subject to arbitration can be categorized as constitutionally core and or statutorily core. Constitutionally core claims include those that "stem[] from the bankruptcy itself." *Stern v. Marshall*, 564 U.S. 462, 499 (2011). A matter is statutorily core if it invokes a substantive right under federal bankruptcy law and exclusively arises within a bankruptcy context. *In re Marshall*, 600 F.3d 1037, 1067 (9th Cir. 2010), aff'd sub nom. *Stern*, 564 U.S. 462 (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987)). The parties do

4

not dispute that Plaintiffs' claims are both constitutionally and statutorily core. Rather, Goldman Sachs contests the effect this classification has on a bankruptcy court's exercise of discretion.

"The core/non-core distinction does not, however, affect whether a bankruptcy court has the discretion to deny enforcement of an arbitration agreement." *In re Mintze*, 434 F.3d 222, 229 (3d Cir. 2006) (citing *Ins. Co. of N. Am. v. NGC Settlement Trust & Asbestos Claims Mgmt. Corp. (In re Nat'l Gypsum),* 118 F.3d 1056, 1068 (5th Cir.1997) and *In re Statewide Realty Co.,* 159 B.R. 719, 722 (Bankr. D.N.J. 1993)). For both core and non-core claims, courts examine the nature of the claim and the specific facts of the bankruptcy to determine whether enforcing arbitration would inherently conflict with the Bankruptcy Code's purposes. *See CashCall,* 781 F.3d at 73–74. However, often, "[a]rbitration of constitutionally core claims "inherently conflict[s] with the purposes of the Bankruptcy Code," and therefore a bankruptcy court is generally well within its discretion to refuse arbitration of constitutionally core claims." *Allied Title Lending, LLC v. Taylor*, 420 F. Supp. 3d 436, 448 (E.D. Va. 2019) (citing *CashCall, Inc.*, 781 F.3d at 73).

Here, the Bankruptcy Court determined that the alleged violations of the automatic stay under the Bankruptcy Code are both constitutionally and statutorily core proceedings since they are "the logical outgrowth of the authority giving rise to the Bankruptcy Code itself." Dkt. 1-3 at 9. It emphasized that the stay is a key part of "[t]he principal purpose of the Bankruptcy Code . . . to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Id*. at 10 (citing *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 367 (2007)). The Bankruptcy Court concluded that compelling arbitration would inherently threaten its authority to enforce the Code and contradict Congress's intent to centralize bankruptcy-related disputes within bankruptcy courts. Based on these conclusions, the Bankruptcy Court exercised its discretion and denied the motion

to compel arbitration. I now review *de novo* whether Plaintiffs' claims inherently conflict with the purpose of the Bankruptcy Code and thus give the Bankruptcy Court discretion to deny Goldman Sachs' motion to compel arbitration.

A core purpose of the Bankruptcy Code is to "centralize disputes over the debtor's assets and obligations in one forum [to] protect[ ] both debtors and creditors from piecemeal litigation and conflicting judgments. In other words, ease and centrality of administration are [ ] foundational characteristics of bankruptcy law." *Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328, 338 (4th Cir. 2023), cert. denied, 144 S. Ct. 1458 (2024) (internal citations omitted). Arbitration conflicts with centralized decision-making because allowing an arbitrator to resolve a fundamental issue would render debtor-creditor rights dependent on the arbitrator's determination rather than the authoritative ruling of the bankruptcy judge overseeing the debtor's case. *In re White Mountain Mining Co., L.L.C.*, 403 F.3d 164, 169 (4th Cir. 2005) (citations and internal quotation marks omitted).

Congress has declared the automatic stay to be one of the fundamental protections offered under the Bankruptcy Code. H.R. Rep. 95-595, at § 362 (Sept. 8, 1977). The initiation of a bankruptcy case triggers an automatic stay by operation of law, without the need for formal notice or service. 11 U.S.C. § 362(a). The stay serves multiple functions including shielding debtors from additional collection efforts by their creditors. H. R. Rep. 95-595, at § 362 (Sept. 8, 1977); 11 U.S.C. § 362(a)(6). Some courts have found such efforts can include the mailing of billing statements and collection letters. *See e.g. In re Harris*, 374 B.R. 611 (Bankr. N.D. Ohio 2007); *In re Chavis*, 213 B.R. 462, 31 Bankr. Ct. Dec. (CRR) 714 (Bankr. E.D.N.C. 1997). Here, arbitrating Plaintiffs' claims would inherently conflict with the Bankruptcy Code's objectives, as it could undermine the Bankruptcy Court's authority (1) to enforce the automatic stay to protect

debtors and creditors' rights and (2) to provide a single centralized forum for resolving disputes related to the Plaintiffs' bankruptcy proceedings. The Bankruptcy Court thus had discretion to deny Goldman Sachs' motion to compel arbitration.

A court abuses its discretion where its "conclusions are based on mistaken legal principles or clearly erroneous factual findings." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020). On appeal, Goldman Sachs' primary objection was that the Bankruptcy Court's determination that it possessed discretion to deny the motion to compel arbitration. But the Bankruptcy Court reviewed the central purposes of the Code and highlighted reasons why arbitrating Plaintiffs claims would inherently conflict with those goals. Moreover, Goldman Sachs failed to demonstrate that the Bankruptcy Court's holding was guided by any clearly erroneous factual finding. I conclude that the Bankruptcy Court did not abuse its discretion in denying Goldman Sachs's request to refer Plaintiffs' claims to arbitration.

## IV. CONCLUSION

The Bankruptcy Court's order denying the motion to compel arbitration is **AFFIRMED** and Goldman Sachs' appeal is **DISMISSED**. An appropriate order shall issue in each civil action.

Entered: March 17, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

7